## DORCINO LANDRY, Administrator, v. PHARAON LeBLANC.

Article 1265 of the Civil Code, which provides that "any co-heir of age, at the sale of the hereditary effects, can become a purchaser to the amount of the portion owing to him from the succession, and is not obliged to pay the surplus of the purchase money over the portion coming to him, until this portion has been definitively fixed by a partition," does not apply to the case of a husband who resists the payment of a note executed by him, in the hands of the administrator of the succession of the payee, on the ground that his wife is an heir of the deceased.

APPEAL from the District Court of Ascension, *Nicholls,* J.

*M. Taylor,* for the plaintiff.

*Duffel,* for the appellant.

MARTIN, J. The defendant is appellant from a judgment, on a note which he had given to Françoise Landry, rendered in favor of the plaintiff, the administrator of her estate. The claim was resisted on the grounds, that Coralie Landry, the defendant's wife, is an heir of the person whose estate the plaintiff administers, for one twenty-first part thereof; that the estate is not at all indebted; that the plaintiff has had the administration of it for a long time, and has neglected to bring it to a close; that the estate being administered for the sole benefit of the heirs, the plaintiff ought not to harass him with a suit, as he (defendant) has the right and is desirous of having the note compensated by the portion of his wife in the estate; and that, as her husband, he has a right to provoke a partition, and to receive what is coming to her. The defendant's counsel has urged, that by the Civil Code, art. 1265, a co-heir, on purchasing any property of the estate, has a right to retain the price until his share be definitively fixed. The counsel for the plaintiff contends that this article of the Code is

an exception to the general rule which requires that all the assets of an estate shall be brought together before a partition ; and he urges that the defendant has not brought himself within that exception. If the position of the appellant be correct, he might, under the authority given him by the Code of Practice, article 107, place his wife in a situation, in which she would have no legal mortgage on his property, and the estate would run the risk of losing a portion or the whole of its claim against him. The District Court did not err. That part of the Civil Code, invoked by the defendant, has no application to his case.'

*Judgment affirmed.*